# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAHOMA HARRIS, LUCILLE GHORHAM AND PARIS HULBERT, INDIVIDUALLY AND ON BEHALF OF HER TWO MINOR CHILDREN - DENVER JONES AND HARLEE HILL**<br>        *Plaintiffs* | CIVIL ACTION NO:_____ |
| **VERSUS** | JUDGE: _____ |
| **DOUGLAS J. TUREK, TRUTH MINISTRIES OF BELLINGHAM, FARMERS CASUALTY INSURANCE COMPANY, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**<br>        *Defendants* | MAGISTRATE:_____ |

## NOTICE OF REMOVAL AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes FARMERS CASUALTY INSURANCE COMPANY (hereinafter from time to time referred to as "FARMERS"), which hereby files this notice of removal of the above captioned action to the United States District Court for the Middle District of Louisiana, from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, where said action is now pending, as provided by Title 28 U.S.C. § 1441, et seq., and respectfully shows the following:

1.

That on September 15, 2022, plaintiffs, Lahoma Harris, Lucille Ghorham, and Paris Hulbert, individually and on behalf of her two minor children—Denver Jones and Harlee Hill, all of whom are residents and domiciliaries of the State of Louisiana and, thus, are citizens of the State of Louisiana, filed in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana a petition for damages bearing docket number 723322, Section "23", seeking to

recover contractual and extra-contractual damages and attorney's fees and naming Douglas J. Turek, Truth Ministries of Bellingham, Farmers Casualty Insurance Company, and State Farm Mutual Automobile Insurance Company as defendants.[1] Its alleged that Farmers issued a policy of automobile insurance to Douglas J. Turek and/or Truth Ministries of Bellingham that provides coverage for the sued upon incident.

2.

Defendant, Farmers, is a foreign corporation incorporated in and organized under the laws of the State of Rhode Island with its principal place of business located in Warwick, Rhode Island, and thus it is a citizen of the State of Rhode Island.

3.

Douglas J. Turek is an individual who is domiciled and has the intent to remain in Bellingham, Washington, and thus is a citizen of the State of Washington.

4.

Truth Ministries of Bellingham is a foreign corporation incorporated in and organized under the laws of the State of Washington with its principal place of business located in the Bellingham, Washington, and thus is a citizen of the State of Washington.

5.

Upon information and belief, State Farm Mutual Automobile Insurance Company is a foreign corporation organized under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois, and thus is a citizen of the State of Illinois.

---

[1] *See* Petition attached hereto as Exhibit "A."

6.

Defendant, Farmers, was provided a copy of plaintiffs' petition and citation, at the earliest, on or about September 15, 2022, as evidenced by the attached pleadings and citation provided by the Secretary of State to Farmers. This was Farmers official notice of the lawsuit having been filed and properly served. *See* Citation, Notice, and Petition attached hereto as Exhibit "A."

7.

The action described above is a civil action of which this court has original jurisdiction under the provisions of Title 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, and wherein the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8.

This lawsuit arises out of an automobile accident that occurred on or about October 4, 2021. Plaintiffs' claim that Douglas Turek was operating a 2014 Ram 3500, a dually truck with four rear wheels, when Turek crossed the center line in an attempt to pass another vehicle wherein a head-on/sideswipe collision occurred between the 2014 Ram 3500 dually and the 2016 BMW X3 being operated by Paris Hulbert. Plaintiffs allege that both vehicles were traveling at approximately 55 miles per hour at the time of the impact. Plaintiffs describe the collision as "catastrophic," that it caused both vehicles to leave the roadway, completely sheared off the driver's door of the 2016 BMW where Hulbert was seated, caused intrusion into the rear passenger's side of the vehicle where Denver Jones was seated, and caused "severe intrusion" into the engine compartment of the Ram 3500 dually.[2]

---

[2] Exhibit B, Photographs of the vehicles involved in the incident.

Page **3** of **14**

9.

Following the subject incident, Harlee Hill was transported via ambulance to Our Lady of the Lake Children's Hospital, Paris Hulbert and Lahoma Harris were taken via ambulance to the Our Lady of the Lake Emergency Room, Denver Jones was transported via a helicopter airlift to Our Lady of the Lake Children's Hospital, and Lucille Ghorham was transported via a helicopter airlift to Our Lady of the Lake Emergency Room.

10.

Plaintiffs claim that at the time of the sued upon incident, Turek was in the course and scope of his employment with Truth Ministries and that Farmers issued a policy of automobile insurance that provides coverage for the sued upon incident.

11.

Plaintiffs claim that the applicable Farmers policy of automobile insurance is insufficient to sufficiently compensate them for their sued upon damages. As such, plaintiffs have brought suit against State Farm claiming that it issued an applicable UIM policy that would provide additional coverage for the damages they claim to have suffered.

12.

At the time of the sued upon incident, Farmers issued a policy of automobile insurance to Iona and Douglas Turek in the amount of a $250,000/$500,000 and Farmers Property and Casualty Insurance Company issued a Personal Excess Liability Policy in the amount of $1,000,000.00. Plaintiffs claim in their Petition for Damages that such policies are insufficient to compensate them for their alleged damages.

10.

Plaintiffs each make allegations of injuries and corresponding damages well beyond generic damage type claims. Based on the claims made by each plaintiff, it is clear that the amount in controversy exceeds $75,000.00 exclusive of interest and costs, each.

11.

However, even if the amount in controversy for each plaintiff did not exceed $75,000.00, this Court can still exercise supplemental jurisdiction over the case. The United States Supreme court in *Exxon Mobil Corp. v. Allapattah Services, Inc.* 545 U.S. 546, 549 (2005) stated that a federal court sitting in diversity may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over additional plaintiffs who fail to satisfy the amount in controversy requirement if the other elements of diversity jurisdiction are met, at least one named plaintiff satisfied the amount in controversy requirement, and the additional claims of the plaintiffs are part of the same case or controversy of the plaintiffs who meet the amount in controversy requirement.[3]

12.

It is clear that each of the claims made by each individual Plaintiff arise from the same case or controversy as they are each based on the alleged injuries and damages sustained in the October 4, 2021, automobile incident. Therefore, based on the controlling jurisprudence, only one of Plaintiffs' claims need to be shown to meet the amount in controversy element in order to satisfy the requirements for this court's original jurisdiction.

---

[3] *See also Johnson v. Sentry Select Insurance Company*, 2018 WL 4512190 at *6 (M.D. La. July 6, 2018); *Matthew v. Allen*, 2022 WL 2707724 at N*7 (M.D. La. July 12, 2022); *Gordon v. Air Liquide-Big Three Inc.*, 2014 WL 639396 (M.D. La. Feb. 18, 2014).

13.

Paris Hulbert alleges that she suffered bodily injuries that include that she had to be taken to the emergency room via an ambulance. Hulbert alleges that she suffered headaches, general soreness, neck pain, back pain, spinal injuries, ligament injuries, muscle injuries, a laceration of the left arm, free fluid movement in the pelvis, intraarticular closed fracture of the lower right radius, right sided distal radius extra-articular fracture, fracture of the left ulna, an open wound on the right arm, and pain in the left leg. Also, plaintiff, Paris Hulbert claims that damages are owed for past/present/future physical pain and suffering and inconvenience, past/present/future mental pain and suffering, anxiety and embarrassment, past/present/future doctor, hospital, PT, mental therapy, and medical care expenses, past/present/future cost of rehab, past/present/future functional and anatomical disability, past/present/future loss of enjoyment of life, loss of consortium, affection, service, and society, disfigurement, inability to engage in and enjoy personal, social and recreational activities, past/present/future lost earnings and lost earning capacity.

14.

Absent the serious allegations made by Hulbert in the Petition for Damages, Farmers is in receipt of a lien in the amount of $74,702.92 from Our Lady of the Lake regarding services rendered to Paris Hulbert as a result of the October 4, 2021, automobile incident.[4] It is clear that a lien from one medical provider that is less than $300.00 of the jurisdictional threshold supports the contention that the amount in controversy is in excess of $75,000.00 exclusive of interest and costs when the remainder of the allegations, injuries, and damages are considered.

---

[4] Exhibit C, Our Lady of the Lake Lien.

15.

Lahoma Harris alleges that she suffered bodily injuries that include that she had to be taken to the emergency room via an ambulance and suffered headaches, general soreness, neck pain, back pain, spinal injuries, ligament injuries, muscle injuries, left wrist injuries, contusion of right arm, contusion left breast, right knee injuries, tear of the medial meniscus, ACL sprain, ML sprain, Iliotibal band friction syndrome, Patellofemoral chondromalacia, soft tissue edema in corner of the knee, knee joint effusion. Also, plaintiff, Lahoma Harris, claims that damages are owed for past/present/future physical pain and suffering and inconvenience, past/present/future mental pain and suffering, anxiety and embarrassment, past/present/future doctor, hospital, PT, mental therapy, and medical care expenses, past/present/future cost of rehab, past/present/future functional and anatomical disability, past/present/future loss of enjoyment of life, loss of consortium, affection, service, and society, disfigurement, inability to engage in and enjoy personal, social and recreational activities, past/present/future lost earnings and lost earning capacity.

16.

Lucille Ghorham alleges that she suffered bodily injuries that include that she had to be taken to the emergency room via helicopter airlifted. Further, Ghorham claims to have headaches, general soreness, neck pain, back pain, spinal injuries, ligament injuries, muscle injuries, a head injury with decreased mental status, left inferior and superior public rami fractures, grade 5 splenic laceration with splenic artery pseudoaneurysm, grade 2 left renal laceration, left occipital condyle fracture, pneumothorax, bilateral lowers extremity DVTs, central cord syndrome, left 5th through 12th rib fractures, fractures of the cervical spine at C1, C4, and C5, a transverse process fracture in the lumbar spine at the left side of L2, and the dislocation of the right shoulder with soft tissue trauma. Also, plaintiff, Lucille Ghorham, claims that damages are owed for past/present/future

physical pain and suffering and inconvenience, past/present/future mental pain and suffering, anxiety and embarrassment, past/present/future doctor, hospital, PT, mental therapy, and medical care expenses, past/present/future cost of rehab, past/present/future functional and anatomical disability, past/present/future loss of enjoyment of life, loss of consortium, affection, service, and society, disfigurement, inability to engage in and enjoy personal, social and recreational activities, past/present/future lost earnings and lost earning capacity. Most notably, Lucille Ghorham claims a cervical spine fusion (ACDF) from C4-C6.

17.

Denver Jones is alleged to have suffered bodily injuries that include that she had to be taken to the emergency room via a helicopter airlift. It's alleged that Jones suffered headaches, general soreness, neck pain, back pain, spinal injuries, ligament injuries, muscle injuries, frontal sinus fracture specifically to left supraorbital frontal bone and the roof of left orbit, laceration to the left eyebrow, and eye swelling. Also, its claimed that damages are owed to Jones for past/present/future physical pain and suffering and inconvenience, past/present/future mental pain and suffering, anxiety and embarrassment, past/present/future doctor, hospital, PT, mental therapy, and medical care expenses, past/present/future cost of rehab, past/present/future functional and anatomical disability, past/present/future loss of enjoyment of life, loss of consortium, affection, service, and society, disfigurement, inability to engage in and enjoy personal, social and recreational activities, past/present/future lost earnings and lost earning capacity.

18.

Harlee Hill is alleged to have suffered bodily injuries that include that she had to be taken to the emergency room via an ambulance. It is alleged that Hill has suffered headaches, general soreness, neck pain, back pain, spinal injuries, ligament injuries, muscle injuries, a closed fracture

of the left radius and left ulna, facial lacerations, and left pleural effusion. Also, its claimed that damages are owed to Hill for past/present/future physical pain and suffering and inconvenience, past/present/future mental pain and suffering, anxiety and embarrassment, past/present/future doctor, hospital, PT, mental therapy, and medical care expenses, past/present/future cost of rehab, past/present/future functional and anatomical disability, past/present/future loss of enjoyment of life, loss of consortium, affection, service, and society, disfigurement, inability to engage in and enjoy personal, social and recreational activities, past/present/future lost earnings and lost earning capacity.

19.

This Court has noted on multiple occasions that the amount in controversy prong may be met by the allegations contained in a petition for damages. Indeed, when the injuries suffered by a plaintiff are alleged to be serious in nature or when surgical intervention is alleged to be necessary, federal courts generally find that the amount in controversy is met. *See Broussard v. Celebration State Properties, Inc.*, 2014 WL 1402144 at *3-4 (M.D. La. April 10, 2014); *Batiste v. Stryker Corporation*, 2020 WL 2245845 at *3-4 (M.D. La. April 22, 2020). Further, the circumstance of the alleged incident is a pertinent factor in the determination if the amount in controversy is met. *Broussard*, 2020 WL 2245845 at *3. Additionally, allegations of "mental anguish and emotional distress," along with an allegation of functional impairments or disability "may support a 'substantially larger monetary basis for federal jurisdiction.'" *Id*. at *4 (*quoting Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)).

20.

The following jurisprudence tends to support that the amount in controversy in the present case for each plaintiff is in excess of $75,000.00 exclusive of interest and costs:

- *Bienvenu v. Dudley*, 95-547 (La. App. 1 Cir. 10/3/96), 682 So. 2d 281: the Louisiana First Circuit found that the minimum general damages for a head on collision in which the vehicle was totaled and the plaintiff suffered cuts and a fractured distal radius that required surgery was $75,000.00;

- *Glover v. Preece*, 54,198 (La. App. 2 Cir. 3/9/22), 335 So. 3d 495: there was a finding of $100,000.00 in general damages for the plaintiff who suffered a general fracture to the maxillary/nasal structure and lacerations to her face along with generic issues with her neck, back, arms, legs, and feet following an incident involving an automobile colliding with a horse;

- *McCann v. Nautilus Ins. Co*. 2016-11997 (Civil District Court for the Parish of Orleans 4/29/22): the plaintiff was awarded $350,000.00 in general damages for a orbital fracture following a bar fight;

- *Cline v. Cheema*, 11-1029 (La. App. 4 Cir. 2/22/12), 85 So. 3d 260: the plaintiff was awarded over $330,000.00 in general damages when she suffered two fractured vertebrae that required surgery, stiches to her forehead, and injuries that impaired her lifestyle after a trip and fall;

- *Thibodeaux v. Trahan*, 11-328 (La. App. 3d Cir. 10/5/11), 74 So. 3d 850: plaintiff received $110,000.00 in general damages after suffering an ACL and medical meniscus tear that required surgery;

- *Simmons v. King*, 36,57 (La. App. 2 Cir. 12/11/02), 883 So. 2d 1148: plaintiff received $110,000.00 in general damages for a fracture of the pelvic ramus and sacroiliac joint injuries which required a decompression;

- *McBride v. State Farm Mut. Auto. Ins. Co.*, 01-954 (La. App. 5 Cir. 3/26/02), 815 So. 2d 249: one plaintiff was awarded $80,000.00 in general damages after suffering a crushed pelvis, a second plaintiff was awarded $70,000.00 in general damages ($115,000 adjusted for inflation), for a fractured pelvis, and a fourth plaintiff was awarded $175,000.00 in general damages for a fractured pelvis that lead to permanently displaced hips.

21.

In the present case, plaintiffs have described various bodily injuries, including multiple broken or fractured bones to multiple parts of the body, lacerations (including those to the face), spinal injuries, headaches and head injuries, soft tissue type injuries, and general body pain. As alleged, these injuries are serious and required immediate medical intervention as represented by

each plaintiff being transported to the emergency room, three via ambulance and two via helicopter airlift.

22.

Not only does each plaintiff make reference to alleged serious bodily injury, each plaintiff claims Past/present/future physical pain and suffering and inconvenience, Past/present/future mental pain and suffering, anxiety and embarrassment, Past/present/future doctor, hospital, PT, mental therapy, and medical care expenses, Past/present/future cost of rehab, Past/present/future functional and anatomical disability, Past/present/future loss of enjoyment of life, loss of consortium, affection, service, and society, disfigurement, inability to engage in and enjoy personal, social and recreational activities, Past/present/future lost earnings and lost earning capacity associated with the incident. Of note, the likely high costs of the ambulance and helicopter transport of each plaintiff, the emergency room visits for each plaintiff, and the subsequent treatment for the alleged injuries. Further, each plaintiff has made claims that the incident has caused disfigurement and functional and anatomical disability.

23.

Each plaintiff has made a wage/earning capacity claim as a result of the incident.

24.

Finally, each plaintiff has made mental and emotional claims along with consortium claims as a result of the incident.

25.

Based on the alleged serious nature of each of the plaintiffs' injuries, the likelihood of the large expenses associated with the medical treatment rendered to each plaintiff, and the fact that this was a head/sideswipe collision between a Ram 3500 dually and BMW SUV, it is facially

apparent from the Petition for Damages that each of plaintiffs' claims exceed $75,000.00 exclusive of interest and cost.

26.

Absent the serious nature of the injuries, claims and damages made by each individual plaintiff, from the face of the Petition for Damages, Farmers has provided evidence that the amount in controversy, absent looking to the nature of the injuries, claims, and damages made by each plaintiff, for Paris Hulbert. As stated above, an initial lien from Our Lady of the Lake for Hulbert, a single plaintiff, totals $74,702.92, less than $300.00 below the $75,000.00 threshold. It is clear that at the very least, the amount in controversy of Hulbert's claim is in excess of $75,000.00, thus allowing this Court to exercise supplemental jurisdiction over the remaining claims of plaintiffs.

27.

State Farm has expressly consented to the present removal.[5]  As noted above, all parties are diverse pursuant to each party's claimed Citizenship.

28.

A copy of all process, pleadings and orders served upon defendant is being filed with this notice.

29.

Defendant will give written notice of the filing of this Notice of Removal in accordance with 28 U.S.C. § 1446 (d).

30.

 A copy of this notice will be filed with the Clerk of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, as is required by Title 28 U.S.C. § 1446 (d).

---

[5] See Exhibit D, Affidavit of Consent from State Farm.

31.

Defendant hereby requests a trial by jury.

WHEREFORE, defendant, FARMERS CASUALTY INSURANCE COMPANY, requests that this action proceed in this Court, as an action properly removed to it.

Baton Rouge, Louisiana, this 14th day of October, 2022.

                        Respectfully Submitted:

                        **KINCHEN, WALKER, BIENVENU,**
                           **BARGAS, REED & HELM, L.L.C.**
                        9456 Jefferson Highway
                        Building III, Suite F
                        Baton Rouge, Louisiana 70809
                        Telephone: (225) 292-6704
                        Facsimile: (225) 292-6705
                        Email: vbargas@kwbbrlaw.com
                        Email: kmarchand@kwbbrlaw.com

                        BY: /s *VALERIE BRIGGS BARGAS*
                              **VALERIE BRIGGS BARGAS**
                              Louisiana Bar Roll Number 27392
                              **KOLBY P. MARCHAND**
                              Louisiana Bar Roll Number 38336

                        *Attorneys for Farmers Casualty*
                        *Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing *Notice of Removal* has been electronically filed on October 14, 2022, with the Clerk of Court using the CM/ECF system. Notice of this filing will be forwarded to the following attorney via the Court's Electronic Filing System, email, facsimile and/or US Mail:

Mr. Stephen M. Alexander
ALEXANDER LAW GROUP, LLC
8550 United Plaza Boulevard
Two United Plaza, Suite 702
P. O. Box 41860
Baton Rouge, LA  70809
Email:  stephen@alexander.com
Fax: 1.888.670.7025

Mr. Charles S. Lambert, Jr.
LAW OFFICES OF CHARLES
   S. LAMBERT, JR., LLC
10537 Kentshire Court
Suite A
Baton Rouge, LA  70810
Email: Lambert.Chip@outlook.com
Fax: 304.5732

John T. Roethele
Megan Perkins Foreman
JOHN T. ROETHELE, APLC
163 Del Orleans
Denham Springs, Louisiana  70726
Email:  roethele@roethelelaw.com
Fax:  225.664.3494


   ___*S/ VALERIE BRIGGS BARGAS*___
   **VALERIE BRIGGS BARGAS**